THOMPSON LOWER PLLC
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
Telephone: (702) 478-1404
Email: raleigh@thompsonlower.com
Email: ryan@thompsonlower.com

Attorneys for Defendant
Amazon.com Services LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIANCA STEPHENS,<br><br>                    Plaintiff,<br><br>vs.<br><br>BODY BACK COMPANY, a Tennessee Corporation; AMAZON.COM SERVICES, LLC, a Foreign Limited-Liability Company; ROE MANUFACTURER; DOES I through X; and ROE CORPORATIONS II through X, inclusive,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

Defendant Amazon.com Services LLC ("Amazon"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this civil action from the Eighth Judicial District Court of Clark County, Nevada to the United States District Court for the District of Nevada, unofficial Southern Division, based on diversity of citizenship and amount in controversy. Diversity jurisdiction exists because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

T|L

## I.     INTRODUCTION

Plaintiff Bianca Stephens ("Plaintiff") filed this action on December 22, 2025, in the Eighth Judicial District Court in Clark County, Nevada, Case Number A-25-935676-C. (*See* Ex. A, Docket (last accessed March 12, 2026)).

Plaintiff alleges that a Body Back Buddy Elite massager (the "Product") she purchased from Amazon's store caused severe and debilitating injuries to her head and neck, which may be permanent or disabling. (Ex. B, Compl. ¶ 38). She alleges the injuries caused her physical and emotional pain and suffering, expenses for medical care and treatment, out-of-pocket expenses, lost wages and diminished earning capacity, and significant deterioration in her enjoyment of life and lifestyle. (*Id*. at ¶¶ 39–44). Plaintiff asserts claims against Amazon and Body Back Company sounding in Strict Products Liability, Negligence, and Breach of the Implied Warranty of Fitness. (*See id*. at ¶¶ 7–45) (setting forth allegations implying such claims but not specifically delineating or labeling the claims).

## II.    REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed, and complete diversity must exist at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686,

T|L

690 (9th Cir. 1998)); *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

Plaintiff is a resident and citizen of Nevada. (Ex. B, Compl. ¶ 1).

Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Therefore, Amazon.com Services LLC is a citizen of Delaware and Washington.

Body Back Company is a Tennessee corporation with its principal place of business in Knoxville, Tennessee. A corporation "is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 889 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Therefore, Body Back Company is a citizen only of Tennessee.

The various Doe and Roe defendants do not affect jurisdiction because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (noting "[t]he citizenship of fictitious defendants is disregarded for removal purposes" and affirming finding of diversity); *see also, Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[T]his Court joins the other courts within this District in finding that the citizenship of doe defendants, regardless

of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand . . . ”).

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

**B.    The amount in controversy exceeds $75,000.**

A “notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold” of $75,000. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of removal and the Court may use its judicial experience and common sense in determining if a case meets the federal jurisdictional requirements. *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a “district court may consider whether it is ‘facially apparent’ from the complaint that the jurisdictional amount is in controversy.”). It may be “facially apparent” from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the “complaint does not claim a specific amount in damages.” *Id*.

Plaintiff alleges she was using the Product to massage herself on December 27, 2023, when she “suffered debilitating injuries to her head and neck, including subsequent and incident-related cerebrovascular accidents and a transient ischemic attack, among others, all or some of which may be permanent or disabling in nature, causing general damages in an amount to be determined at trial.” (Ex. B, Compl. ¶¶ 8, 29, 38). She alleges the injuries caused her “to incur expenses for medical care and treatment costs incidental thereto and [she] will be required in the future to incur

more expenses for medical care and treatment in an amount to be determined." (*Id.* at ¶ 40). She further alleges to have incurred "out-of-pocket expenses, including, but not limited to, money spent for prescriptions, medication, and uncovered medical expenses." (*Id.* at ¶ 41). She also alleges to "have endured physical and emotional pain and suffering" and that she expects to "endure future physical and emotional pain associated with her continued medical treatment, recuperation, physical therapy, and limitations associated with her injuries into the foreseeable future." (*Id.* at ¶ 42). Finally, she alleges "lost wages," "diminished earning capacity," and "significant deterioration in her enjoyment of life and lifestyle." (*Id.* at ¶¶ 43–44).

Based on these allegations, Plaintiff requests "[g]eneral damages in an amount in excess of $15,000.00"; "[d]amages for costs of medical care and treatment and costs incidental thereto"; "[d]amages for loss of earnings and future earning capacity when the same have been fully ascertained"; [f]or a sum to be determined by the trier of fact for loss of enjoyment of life . . ."; and attorney fees and costs of suit. (*Id.* at p. 9). Considering the injuries she contends she incurred, it is apparent from the face of Plaintiff's complaint that her total requested damages likely exceed $75,000. *See Ballard v. Best Buy Stores, L.P.*, No. 2:14-CV-2058-JCM-PAL, 2015 WL 357112, at *3 (D. Nev. Jan. 27, 2015) (denying plaintiff's motion to remand and finding it appeared likely that plaintiff's total requested damages exceeded $75,000 where she characterized her injuries as permanent and disabling and requested multiple categories of past and future damages).

T|L

**C.     Removal is timely.**

This notice is timely. Plaintiff's complaint was served upon Amazon on February 11, 2026, so the thirty-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

**D.     Body Back Company has consented to removal.**

A properly served defendant must join in or consent to a co-defendant's removal of an action. 28 U.S.C. § 1446(b)(2)(A). Body Back Company, which filed its answer in state court on March 2, 2026 (*see* Ex. B), granted its consent to Amazon for removal of this case on March 3, 2026.

## III.   VENUE AND NOTIFICATION TO STATE COURT

**A.     This Court is the appropriate venue for this action.**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

**B.     Amazon is providing notice to the state court.**

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

**C.     Pleadings in the state court action are included.**

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (*See* Ex. B).

T|L

THOMPSON LOWER PLLC

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101

Attorneys for Defendant
Amazon.com Services, LLC

T|L

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **NOTICE OF REMOVAL** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

| | |
|---|---|
| MOSS BERG INJURY LAW LAWYERS<br>Marcus A. Berg<br>John C. Funk<br>5420 West Sahara Avenue, Suite 101<br>Las Vegas, Nevada 89146<br>marcus@mossberglv.com<br>john@mossberglv.com<br><br>Attorneys for Plaintiff | ELAINE K. FRESCH<br>ERIC O. FREEMAN<br>HAWKINS PARNELL & YOUNG, LLP<br>3960 Howard Hughes Pkwy., Suite 500<br>Las Vegas, Nevada 89169<br>efresch@hpylaw.com<br>efreeman@hpylaw.com<br><br>Attorneys for Defendant<br>Body Back Company |

DATED: March 13, 2026        */s/ Morganne Harrison*
An employee of Thompson Lower PLLC

T|L